# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

PETER PARKINS, et al.,

                    Plaintiffs,

    v.

DAE H. AN, et al.,

                  Defendants.

Civ. Action No. 06-3710 (KSH)

**OPINION**

**Katharine S. Hayden, U.S.D.J.**

## I. INTRODUCTION

The Fair Housing Act ("FHA") of 1968, 42 U.S.C. § 3601 *et seq.*, was designed to provide for fair housing throughout the United States. To that end, the Act makes it unlawful for a person to refuse to lease or to negotiate for the lease of a dwelling "because of race, color, religion, sex, familial status, or national origin." *Pro se* plaintiffs Peter Parkins ("Parkins") and Crystal Douce ("Douce") allege that defendants Dae H. An, John An, Oasis Water, Inc. ("Oasis"), RE/MAX Experts Real Estate ("RE/MAX"), and JooHyun Lee ("Lee") violated the FHA by refusing to lease a commercial building owned by Dae An, John An, and Oasis to them because they are African American. Currently before the Court are the defendants' motions for summary judgment, which seek dismissal of all counts.

1

## II. BACKGROUND

This dispute arose out of a breakdown in negotiations between the parties to lease a commercial property in Hasbrouck Heights, New Jersey, owned by Dae An, John An, and Oasis.  Lee, an employee of RE/MAX at all times relevant to this matter, was the real estate agent handling the leasing of the Hasbrouck Heights property.  On August 8, 2006, Parkins and Douce, who are African American, filed this suit alleging that the individual defendants, who are all Asian Americans, backed out of an oral agreement to lease them the Hasbrouck Heights property because "Defendant does not like black people."  (Am. Compl. 4.) Plaintiffs base this belief on their allegations that John An would keep them waiting for hours at a time for scheduled meetings and "not seem to care."  (Am. Compl. 4.)  They also contend that Lee raised the agreed-upon rental price from $1,300 to $1,500 after she asked whether plaintiffs were Asian American and they answered no.  (Am. Compl. 4.)  Plaintiffs claim to have suffered $7,000 in damages, consisting of equipment costs and other related startup costs, and contend that they incurred these costs based on their understanding that a lease agreement was imminent.

In addition to their FHA claim, plaintiffs allege misrepresentation, fraudulent concealment, and conspiracy, Count Two of the Amended Complaint, and malicious intent and constructive fraud, Count Three of the Amended Complaint.  On August 14, 2007, defendants Dae An, John An, and Oasis moved for summary judgment on all counts.  On December 4, 2007, defendants Lee and RE/MAX also moved for summary judgment on all counts.

**III. SUMMARY JUDGMENT STANDARD**

Federal Rule of Civil Procedure 56(c) authorizes a court to enter summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Before granting a summary judgment motion a court "must first determine whether summary judgment is appropriate -- that is, whether the moving party has shown itself to be entitled to judgment as a matter of law." Anchorage Assoc. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990).

**IV. DISCUSSION**

The FHA provides that it is unlawful "to refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). A "dwelling" is defined as "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof." 42 U.S.C. § 3602(b). Section 3613(a)(1)(A) provides that "an aggrieved person may commence a civil action in an appropriate United States district court." The Act's definition of an "aggrieved person" includes "any person who . . . claims to have been injured by a discriminatory housing practice." 42 U.S.C. § 3602(i).

Defendants argue that the FHA does not apply to a commercial lease where the lessee intends to use the property solely as a business. (Def.'s Br. Summ. J. 6.) The Court is

constrained by the plain language of the statute and established law to agree.  The FHA prohibits discrimination only with respect to the sale or rental of a dwelling, which the Act in relevant part defines as a building or structure intended for occupancy as a residence by one or more families.  See Ryan v. Brown, 326 So. 2d 70, 71 (Fla. 2nd DCA 1976) (because petitioner was not selling a homesite or dwelling, his refusal to show five acre tract of land for sale did not violate the FHA); Patel v. Holley House Motels, 483 F. Supp. 374, 381 (S.D. Ala. 1979) (FHA does not apply to sale of motel to protected class member);  Matsunaga v. Century 21, 1985 U.S. Dist. LEXIS 20039, 1985 WL 1113, *1 (N.D. Ill. 1985) (FHA does not apply to grocery store because it does not constitute a "dwelling").  A residence within the meaning of the Act is "a temporary or permanent dwelling place, abode or habitation to which one intends to return as distinguished from the place of temporary sojourn or transient visit."  Lakeside Resort Enters., LP v. Bd. of Supervisors, 455 F.3d 154, 157 (3d Cir. 2006) (internal citation and quotation marks omitted).

Courts have determined that the FHA does indeed protect some commercial ventures, but only where the property will be used as a residence.  See, e.g., Baxter v. City of Belleville, 720 F. Supp. 720, 730-31 (S.D. Ill. 1989) (prospective owner of AIDS hospice permitted to sue under FHA).  The case law makes clear that the purpose for which the property was sought by the plaintiff determines whether s/he may seek the protections of the Act.  Here, plaintiffs sought to lease the property not as a dwelling for themselves or for others, but as the site of a take out restaurant.  The Court must conclude, even accepting every fact alleged by the plaintiffs as true, that Parkins and Douce have not established a cognizable claim of discrimination under the FHA.  No matter how egregious or hurtful, the FHA provides no recourse for the events recounted in plaintiffs' submissions.

Plaintiffs' contention that Dae An and John An leased an apartment located above the storefront to another tenant who used it as a residence does not save their FHA claim. They allegedly were discriminated against during negotiations to lease the commercial space, not the apartment on the premises. Thus, their allegations regarding the apartment have no bearing on the Court's determination here.

Because plaintiffs have failed to allege facts sufficient to support a claim under the FHA, defendants are entitled to judgment as a matter of law on that claim. The plaintiffs' remaining claims arise out of state law. This Court "may decline to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Given the Court's ruling on the plaintiffs' federal claim, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and dismisses those claims without prejudice.

## V. CONCLUSION

Based on the forgoing, defendants' motions for summary judgment are **granted**, and the matter dismissed. In addition, defendants' cross-claims for contribution and indemnification are dismissed as moot. An appropriate order will be entered.


Dated: 3/31/08                                  /s/Katharine S. Hayden

                                                Katharine S. Hayden, U.S.D.J.